## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Freebird Communications, Inc.;**
**The Freebird Communications, Inc.**
**Profit-Sharing Plan; and**
**Michael Scarcello,**

      **Plaintiffs,**

**v.**
                           **Case No. 18-2026-JWL**

**Matthew Roberts; Brian Roberts;**
**Boxer Media Group LLC, an Arizona**
**limited liability corporation; Boxer Media**
**Group LLC, a Delaware limited liability**
**corporation; and Shelley Garza-Roberts,**

      **Defendants.**

## MEMORANDUM & ORDER

In May 2015, Matthew Roberts filed a lawsuit concerning a business dispute in state court against Freebird Communications, Inc.; the Freebird Communications, Inc. Profit-Sharing Plan; and Michael Scarcello who, in turn, alleged numerous counterclaims against Mr. Roberts and third-party claims against Brian Roberts; Boxer Media Group LLC, an Arizona limited liability corporation; Boxer Media Group LLC, a Delaware limited liability corporation; and Shelley Garza-Roberts. The third-party claims were later voluntarily dismissed without prejudice. The record reflects that the state court action is presently scheduled for trial beginning May 7, 2018.

Plaintiffs (the defendants in the state court action) have now filed this federal lawsuit against Matthew Roberts (the plaintiff in the state court action) and Brian Roberts; Boxer Media Group LLC, an Arizona limited liability corporation; Boxer Media Group LLC, a Delaware

limited liability corporation; and Shelley Garza-Roberts (the third-party defendants in the state court action who were later dismissed). In their federal court complaint, plaintiffs have asserted ten claims that are nearly identical to the counterclaims in the state court action, including but not limited to claims for misappropriation of trade secrets in violation of federal and state law; breach of fiduciary duty; tortious interference with contracts and with business expectancies; and unjust enrichment. This matter is presently before the court on defendants' motion to dismiss or stay this case under the *Colorado River* doctrine. As will be explained, the court denies the motion.[1]

The *Colorado River* doctrine "permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)). While *Colorado River*'s judicial economy goals allow a federal court to avoid the "virtually unflagging obligation . . . to exercise the jurisdiction given [it]," the appropriate circumstances for deferral under the *Colorado River* doctrine are "considerably more limited than the circumstances appropriate for abstention" and must be "exceptional." *Reinhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). The court's "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction . . . ; rather, the task is to ascertain whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to

---

[1] After defendants filed their reply brief, plaintiffs filed an unauthorized sur-reply seeking to "update" the court on the status of the state court proceedings. Because the filing is improper, *see* D. Kan. Rule 7.1(c), the court grants defendants' motion to strike the sur-reply.

justify the surrender of the jurisdiction." *Id*. (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 25–26 (1983)).

For this court to decline to exercise its jurisdiction because of a pending state action, there must first be a threshold showing that the state and federal proceedings are parallel. *Fox*, 16 F.3d at 1081. For purposes of *Colorado River,* suits "are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id*. (quotation omitted). The court "examine[s] the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings." *Id*. (emphasis omitted). "[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." *Id*. (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983)).

If the cases are not parallel, then the court must exercise jurisdiction. If the cases are parallel, then the court determines whether deference to state court proceedings is appropriate. *Id*. at 1082. In determining whether to defer to parallel state court proceedings, the court considers the following factors: "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction." *Id.* Other factors the court may consider include the vexatious or reactive nature of either the federal or the state action, whether federal law provides the rule of decision, the adequacy of the state court action to protect the federal plaintiff's rights, and whether the party opposing dismissal has engaged in impermissible forum shopping. *Id*. No single factor is dispositive and the weight given to one factor may vary depending on the particular circumstances of the case. *Id*. The court is to

balance all the factors as they apply to the particular case, and "any doubt should be resolved in favor of exercising jurisdiction." *Id*.

As noted earlier, federal and state court proceedings are parallel "if substantially the same parties litigate substantially the same issues in different forums." *Id*. The record reflects that the state court counterclaims filed by Mr. Scarcello and the Freebird entities against Mr. Roberts are almost identical to the claims set forth in their federal court complaint against the defendants in this case and that the state court counterclaims are based on facts identical to the facts asserted in their federal court complaint. The only meaningful difference in the federal court complaint is the addition of four defendants who are not parties in the state court action. The question, then, is whether the parties are substantially the same in light of the fact that four of the defendants here are not parties in the state court action.

Defendants highlight that *Colorado River* does not require exact identity of parties, *see United States v. City of Las Cruces*, 289 F.3d 1170, 1182 (10th Cir. 2002), and that a plaintiff may not avoid application of the doctrine simply by including additional defendants in the federal court action. *See Waddell & Reed Fin., Inc. v. Torchmark Corp*., 180 F. Supp. 2d 1235, 1240 (D. Kan. 2001). In *Waddell & Reed*, however, the court examined the addition in federal court of various corporate entities, including wholly-owned subsidiaries, that were closely related to corporate entities in the state court action such that the interests of the parties in both suits were congruent. *See id*.; *see also Foxfield Villa Assocs., LLC v. Regnier*, 918 F. Supp. 2d 1192, 1197 (D. Kan. 2013) (finding suits parallel where new parties included holding company of entity named in state court action and members of Board of Directors of entity named in state court action); *Health Care & Ret. Corp. of Am. v. Heartland Home Care, Inc*., 324 F. Supp. 2d

1202, 1204 (D. Kan. 2004) (collecting cases and finding cases parallel when a corporation was named in the federal case and its affiliate was named in the state case). Plaintiffs, in this federal court action, have not simply added corporate entities that are undisputedly related to corporate entities in the state court case. Plaintiffs have included claims against two individual defendants who are not parties in the state court case and the Boxer Media Group entities. None of these parties are related to the corporate entities in the state court case. And while Matthew Roberts certainly bears some relationship to the new parties (the additional individual defendants are his brother and wife, respectively, and Matthew Roberts is the President of one of the Boxer Media Group entities but asserts that he has no ownership interest in those entities), it is not at all clear from the record that the interests of these additional defendants are congruent with the interests of Matthew Roberts. This case, then, is distinguishable from those cases in which courts have concluded that the inclusion of additional defendants in the federal court action does not destroy the parallel nature of the suits.

Moreover, in light of the nature of the claims asserted against the new defendants, disposition of the state court action will not dispose of all claims in this case. Plaintiffs assert that Brian Roberts conspired to commit torts with Matthew Roberts and that Shelley Garza-Roberts was unjustly enriched at the expense of plaintiffs. These issues will not be resolved in the state court action and any liability assessed in connection with the resolution of the counterclaims in state court will not be attributed to Brian Roberts and Shelley Garza-Roberts individually. Similarly, plaintiffs' claims against the Boxer Group Media entities for misappropriation of trade secrets and tortious interference with contracts and unjust enrichment will not be resolved in the state court action. In short, the court is not persuaded that

"substantially the same parties" exist in both this case and the state court action. *See Fox*, 16 F.3d at 1081–82 (Suits are parallel if the state court litigation will be an "adequate vehicle for the complete and prompt resolution of the issue between the parties," such that "the federal court will have nothing further to do in resolving any substantive part of the case."). The motion, then, is denied. *See BNSF Railway Co. v. Brown*, 250 F.R.D. 544, 546-48 (D. Kan. 2008) (concluding that suits were not parallel for purposes of *Colorado River* where an additional individual defendant was named in the federal case and the state courts action would not necessarily dispose of all the claims set forth in the federal case).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to dismiss or stay (doc. 4) is **denied** and defendant's motion to strike (doc. 12) is **granted.**

Dated this 19th day of April, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

6